Filed 2/11/25  P. v. Andrade CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063984 |
| v. | (Super. Ct. No. 05CF2584) |
| JORGE JOSE ANDRADE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge. Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Jorge Jose Andrade filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  At the prima facie hearing on the petition, the trial court denied Andrade resentencing relief.  Appointed counsel for Andrade filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and requested this court conduct an independent review of the entire record.  Andrade was given an opportunity to file a supplemental brief but did not do so.

Exercising our discretion under *Delgadillo*, we examined the entire record and found no reasonably arguable issue.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009 and relevant to this appeal, a jury found Andrade guilty of first degree murder (§ 187, subd. (a); count 1).  The jury also found to be true the allegation Andrade committed the murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and the special circumstance allegation that while an active participant in a criminal street gang, he committed the murder to further the activities of the gang (§ 190.2, subd. (a)(22)).

The trial court sentenced Andrade to a total prison term of life without the possibility of parole. On direct appeal to this court, the judgment was affirmed (*People v. Andrade* (May 23, 2011, G042551) [nonpub. opn.].)

In March 2019, Andrade filed a petition for resentencing pursuant to former section 1170.95.[2] Counsel was appointed at his request. In

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

response to Andrade's petition, the prosecution filed an opposition and Andrade's appointed trial counsel filed a reply to this opposition. According to the minutes in the record, after considering the petition and briefs from both sides, the trial court denied the petition and filed a statement of decision.[3]

In August 2023, Andrade filed a petition for resentencing pursuant to section 1172.6 (August 2023 petition). The trial court appointed counsel for Andrade and the prosecution filed a response in opposition, to which Andrade's appointed counsel filed a reply.

The trial court conducted a prima facie hearing on the August 2023 petition in March 2024. After reviewing Andrade's petition, the parties' briefs, the record of conviction, and hearing argument from both parties, the trial court found the jury was not instructed on the natural and probable consequences doctrine or any theory in which malice could be imputed to Andrade. The court subsequently denied Andrade's petition. A statement of decision to this effect was then issued by the trial court.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate

---

[3] Since Andrade's 2019 resentencing petition is not at issue in this appeal, our record does not contain this petition, the corresponding briefs filed by the parties, or the trial court's statement of decision in respect to the 2019 petition.

Bill 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.) The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

The process begins when a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Once a superior court receives the petition, it shall appoint counsel upon petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (*Id.*, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*) At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.) If the court denies the petition without issuing an order to show cause, it must state its reasons. (§ 1172.6, subd. (c).)

Here, at the prima facie hearing, the trial court reviewed the record of conviction, and more specifically, the jury instructions. The jury was

4

not instructed on the natural and probable consequence theory which means the jury's conviction relied on either Andrade as the direct perpetrator or as a direct aider and abettor to the murder. These latter theories of liability do not require malice to be imputed to Andrade based solely on his participation in the offense. Since the record of conviction established Andrade was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.


WE CONCUR:


GOETHALS, ACTING P. J.


GOODING, J.

5